EXHIBIT B

Donald G. Criscuolo



The Honorable Judge Charles R. Norgle

Unites States District Court

Northern District of Illinois

Chicago, Illinois 60604

Re: Unites States v. Budzik 14 CR 287

Honorable Judge Charles R. Norgle,

Please be advised that I was the attorney of record for Jeff Budzik in a proceeding to dissolve his marriage initiated in the State of Florida on October 1, 2015. Said case was filed in the 17th Judicial Circuit in and for Broward County, Florida and bears the Style In Re the Marriage of Elizbeth Budzik, Petitioner/Wife and Jeff Budzik Respondent /Husband case number FMCE 15-011784.

I write this letter at the request of my former client Jeff Budzik, the defendant in the above referenced criminal matter to be considered in mitigation of his sentence.

The dissolution of marriage proceeding was what is termed in family law as a "high conflict" divorce. The principal issue centered around the child born of the marriage. At the time of filing, the parties were residents of, and were domiciled in, Broward County, Florida. Immediately subsequent to the filing of the action, the Wife without a written agreement of the parties or leave of court and in clear violation of Florida law, removed the child from Broward County and relocated to Arizona. She did this with no prior notice to the Husband. I filed on an emergency basis on November 16th, 2015, on behalf of the Husband, a motion entitled "Husband's Verified Motion for Contempt for Wrongful Removal of Child/To Compel Wife to Immediately Return the Child to the State of Florida/For Attorney Fees and for Other Relief Incident Thereto". Recognizing the urgency of the motion, the court held an expedited evidentiary hearing four days later on November 20th, 2015. The Wife appeared, personally and through counsel (but leaving the child behind and out of state), and through her testimony advised the court that the Husband was awaiting sentencing in the above referenced federal action pending in Chicago and thereby attempted to justify her removal of the child. The court heard same and, consistent with Florida law, forthwith entered an order requiring the Wife to immediately return the child. Said order was entered on November 20th, 2015. The Wife complied with the order.

What followed was almost two years of extensive litigation, much of which was centered around the issue of parental responsibility. The court entered multiple orders regarding same which provided, *inter alia*, extensive contact, access and overnight timesharing with the Husband who had a close and loving relationship with his daughter.

During the proceedings, at nearly every hearing, and even those that dealt with non-parental issues, opposing counsel would begin by "reminding" the court that this was the case in which the Husband is awaiting sentencing in the Illinois case in a transparent attempt to bias the court.

Ultimately the Wife relented and after nearly two years of scorched earth litigation, signed a written agreement which allocated the overnight time of the child on an equal 50/50 basis. The court entered a Final Judgment February 22nd, 2017, which approved that agreement.

Nonetheless, substantial additional litigation ensued regarding the location of the child as in a hearing on October 12th, 2017, the now Former Wife advised, in open court, that she moved from the State of Florida, has re-married and currently operates her household out of her "base" from her new husband's residence in the State of Texas. Former Wife's counsel also advised, in open court in said hearing, that if now Former Husband were to be incarcerated, she would seek to move the child to Texas. Such litigation culminated with Mr. Budzik maintaining his 50/50 time sharing and limited the child's out-of-state travel.

Mr. Budzik rightly fears that if he is incarcerated, the Former Wife will immediately file proceedings to remove the child from Florida, which would obviously interfere with his substantial (50%) overnight time sharing with his daughter. Based on my experience, such a proceeding would have a substantial likelihood of success and after release, Mr. Budzik would then be forced to litigate in the forum in which the child was then presently residing in an effort to compel her relocation back to Florida. That litigation would be challenging for Mr. Budzik in that the Former Wife would argue that bouncing the child back and forth is not in her best interests.

I do not know the details of the pending action in Illinois. On a personal level, I have come to know Mr. Budzik during this prolonged and protracted family litigation and at all times and when under tremendous pressure and emotional strain he conducted himself appropriately and professionally. He is highly educated, was a member of the Illinois and Florida Bar before the initiation of these criminal proceedings, and I find it difficult to believe that he is a threat to the public requiring incarceration.

Such punishment would not only effect Mr. Budzik but his daughter, now aged 9, as well.

Respectfully submitted

Donald G. Criscuolo, Esquire (retired)

Florida Bar Number 328111