THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CR 287 |
| | ) | |
| vs. | ) | |
| | ) | Hon. Martha M. Pacold |
| JAMES J. CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

## CARROLL'S REPLY TO HIS MOTION TO EXTEND HIS REPORT DATE

Defendant James J. Carroll, by his attorney, hereby replies to the government's response to Carroll's Motion to Extend his Report Date as follows:

1. Carroll asks this Court to exercise its inherent authority to extend his report date 90 days, or until it rules on the merits of his section 2255 motion. As the Court recognized when granting Carroll's first motion to extend, it may continue the report date of a defendant it has sentenced for good cause and within reasonable limits. *See United States v. Vandenwildenberg*, No. 07-CR-155, 2008 WL 508697, at *1 (E.D. Wisc. Feb. 22, 2008).

2. Despite the government's assertion otherwise, *Cherek v. United States*, 767 F.2d 335 (7th Cir. 1985), does not tie the Court's hands. *Cherek* involved a motion to stay the surrender date that the petitioner filed in his new civil postconviction-relief case. *Id.* at 336. Carroll's motion here is a run-of-the-mill request for a limited extension of the report date filed in the original criminal case. Dkt. 454. Without opposition, this Court granted Carroll's initial motion to extend his report date at a

time when his conviction was already final so that undersigned counsel could review a potential ineffective assistance of counsel claim. *See* Dkt. 454; 455. Other than the fact that Carroll has now filed his contemplated section 2255 motion, there is no material difference between Carroll's status then and his status now. Carroll is still awaiting his report date and the Court still has the inherent authority to extend that date. If the government did not believe that *Cherek* constrained the Court then, it should not argue the decision limits the Court now.

3. Assuming the standard in *Cherek* does apply here, however, Carroll can meet its requirements. The Court in *Cherek* noted that a person asking for "bail" pending postconviction relief must meet, at minimum, the standard governing bail pending appeal. 767 F.2d at 337-38. Lower courts have asked whether the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and if exceptional circumstances justify his release. *See, e.g., Zollicoffer v. United States*, No. 15-03337, 2017 WL 76936, at *2 (C.D. Ill. Jan. 9, 2017) (releasing an already imprisoned defendant to bail pending review of his 2255 motion). An extension is warranted here under either standard.

4. To start, Carroll "is not likely to flee or pose a danger to the safety of any other person or the community" if he is allowed to remain free while the Court reviews his 2255 motion. *See* 18 U.S.C. § 3143(b)(A). As this Court knows, Carroll has spent years since his indictment without incident and he is a productive member of society.

5. Nor is Carroll's motion for the purpose of delay, and it raises a substantial question of law or fact that is likely to result in a reduced sentence "less

than the total of the time already served plus the expected duration of the [postconviction] process." *See* § 3143(b)(B). Carroll was sentenced to a term of 41 months in prison. Dkt. 443. At a resentencing where the Court has the material information before it that Carroll's sentencing counsel failed to introduce, Carroll could receive a sentence as low as one day in prison, time served. *See* Dkt. 412; 462; No. 23-cv-963, Dkt. 1 at 9-10, 13-15. If he reports before the Court reviews his section 2255 motion, Carroll risks serving significantly more time than would be just.

6. As Carroll's section 2255 motion outlines, his counsels' representation fell below Sixth Amendment standards. Counsel neglected Carroll's case for years, resulting in the last-minute substitute of an ill-prepared counsel who failed to make the most compelling argument in mitigation. This is a case—contemplated by the decision in *Cherek*—in which the Court should use its inherent power to delay Carroll's report date while it reviews the merits of his section 2255 motion. 767 F.2d at 337 (stating that "there is abundant authority that federal district judges in . . . section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases," however sparingly it is to be exercised). In short, even if it applies, Carroll can meet the bar set forth in *Cherek*.

7. The government unfairly colors its response with suggestions that the sentencing delays in this case are Carroll's fault and that he is only moving to vacate his sentence now because his case is before a new judge. As set forth in detail in his motion to vacate or set aside his sentence, the delays were the result of Carroll's counsel's neglect of his case. Carroll's counsel repeatedly asked for continuances

3

because of issues in counsel's personal life. The extraordinary delay between guilty plea and sentence here cannot be pinned on Carroll.

8. Nor does Carroll bear the responsibility for Judge Norgle's retirement. As outlined in his section 2255 motion, Carroll's Sixth Amendment rights were violated by his original and substitute counsel, not the sentencing court, and he would have brought the same motion had the case remained with Judge Norgle. The government's insinuation that Carroll is forum shopping is unfair and unwarranted.

9. After all the time that has passed since his guilty plea, and the ways in which his lawyers let him down, Carroll asks this Court to delay his report date until it can review the merits of his section 2255 motion. The extension Carroll is asking for here is no different than the one the Court granted in his initial request. In the interest of justice, Carroll requests a delay in his BOP report date.

WHEREFORE, Defendant James J. Carroll asks this Court to grant his motion to extend his BOP report date 90 days, or until the Court rules on the merits of his motion under section 2255 to vacate or set aside his sentence, whichever is sooner.

Dated: February 28, 2023

Respectfully submitted,

/s/ Katie Krickbaum
Katherine Krickbaum
Cotsirilos, Tighe, Streicker,
    Poulos & Campbell, Ltd.
33 North Dearborn Street, Suite 600
Chicago, IL 60602
kkrickbaum@cotsiriloslaw.com
(312) 263-0345

*Attorney for Defendant James J. Carroll*